951 F.2d 349
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Roko JUNCEVIC, Hana Juncaj, and Vera Juncaj, Plaintiffs-Appellants,
v.
James MONTGOMERY, District Director Immigration and
Naturalization Service, Defendant-Appellee.
 No. 90-1886.
 United States Court of Appeals, Sixth Circuit.
 Dec. 19, 1991.
 
 Before BOYCE F. MARTIN, JR. and NATHNIEL R. JONES, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiffs appeal the district court's denial of their petition for an emergency stay of deportation. We hold that the district court correctly determined that it did not have jurisdiction over plaintiffs' case and affirm the judgment below.
 
 
 2
 * Plaintiffs, Roko, Hana, and Vera Juncevic, are a Yugoslavian family who illegally entered this country from Mexico in October of 1986. At their deportation hearing on October 13, 1987, they asserted political asylum as a reason to not be deported, claiming: (1) that Roko found it hard to get a job for himself in Yugoslavia because of his Albanian ethnicity and his refusal to join the Communism party; and (2) that he could face government persecution in connection with a misdemeanor charge pending against him in Yugoslavia for using a concussive bomb to fish in a pond near a military base in violation of the law. The Immigration Judge denied their request for asylum, finding that the Juncevics did not have a reasonable and genuine apprehension of persecution in Yugoslavia. Since then, four dates for either the voluntary departure or the deportation of the Juncevics have been set and broken as the plaintiffs continue to appeal their case.
 
 
 3
 The Juncevics appealed the Immigration Judge's decision to the Board of Immigration Appeals ("BIA"). The appeal was dismissed for failure to state the reason for the appeal. That decision was not appealed.
 
 
 4
 The parties selected a final deportation date of August 10, 1990. Meanwhile, plaintiffs asked the District Director of the Immigration and Naturalization Service to grant a stay of deportation, which would allow them to reopen their asylum claim to offer additional evidence of their potential persecution. This request was denied on June 8, 1990, and its appeal to the BIA was likewise denied on June 19, 1990.
 
 
 5
 On August 16, 1990, plaintiffs' request for an emergency stay of deportation was heard before the United States District Court, which denied the petition. This denial is the subject of the instant appealy.
 
 II
 
 6
 The Juncevics' appeal is, in essence, a challenge to the order of deportation and the denial of their claim of asylum. As such, the district court properly denied the Juncevics' petition. Such orders are final and, therefore, are only within the jurisdiction of the courts of appeals. Cheng Fan Kwok v. Immigration & Naturalization Serv., 392 U.S. 206, 211 (1968). To the extent that the plaintiffs' case was merely a challenge to the final order, the district court was correct in holding that it had no authority to hear the case.
 
 
 7
 Plaintiffs protest that they should have received notice that subject matter jurisdiction was going to be an issue at the hearing. We find this claim to be unfounded. This court has held that subject matter jurisdiction may be raised at any time, by either party, or even by the court itself. FDIC v. Cuvrell ( In re F & T Contractors, Inc.), 718 F.2d 171, 180 (6th Cir.1983).
 
 
 8
 We are, however, somewhat troubled that plaintiffs' case will not be heard on the merits because of a procedural technicality. 28 U.S.C. § 1631 was enacted to prevent situations like this one from occurring. That statute provides that when a civil action, including a petition for review of an administrative decision, is mistakenly filed in a court that has no jurisdiction over the action, where it is in the interest of justice, that court may transfer the action to the proper court. We believe that this is the course the district court should have taken in this case. Therefore, we will treat this appeal as if it had properly been transfered to this court from the district court pursuant to § 1631.
 
 III
 
 9
 The final outcome of this action, nonetheless, remains the same. We review the decision of the BIA to determine whether its decision to deny the stay of deportation is supported by substantial evidence. See Yousif v. INS, 794 F.2d 236, 242 (6th Cir.1986). The Juncevics' burden is to establish that there is a clear probability of their being persecuted upon returning to Yugoslavia. See id. The District Director found that in their original action, the Juncevics offered no real evidence of a likelihood of persecution, and that, moreover, the "new" evidence they presented in their application for the stay of deportation was merely general information about the political climate in Yugoslavia, and not about the Juncevics personally. Nothing was offered which could support a finding of there being a clear probability of persecution upon their return. See id. We therefore find that the BIA's decision to deny the stay was supported by substantial evidence.
 
 IV
 
 10
 Accordingly, we AFFIRM the decision of the Board of Immigration Appeals.